Balbir SINGH, Petitioner,

v.

Alberto R. GONZALES,* Attorney General, Respondent.

No. 03–73182.

United States Court of Appeals, Ninth Circuit.

Submitted May 11, 2005.**

Decided May 24, 2005.

Earle A. Sylva, Esq., George T. Heridis, Esq., Rai & Associates, PC, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Margaret Perry, Esq., R. Lynne Harris, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: KLEINFELD, HAWKINS, and GRABER, Circuit Judges.

---

* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM ***

Balbir Singh, a native and citizen of Fiji, seeks review of the Board of Immigration Appeals's ("BIA") denials of asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").

■ Substantial evidence, including internal and external inconsistencies in Singh's testimony, supports the BIA's determination that Singh failed to establish eligibility for asylum. Excluding the "big attack" on his family, about which Singh testified to incredibly, the remaining incidents of which Singh complains do not rise to the level of persecution. Singh also failed to demonstrate a connection between the acts of harassment and his membership in a protected group. *See Singh v. INS,* 134 F.3d 962, 970 (9th Cir. 1998). In addition, Singh failed to prove that the source of the harassment was a group the government was unwilling or unable to control, *see Avetova–Elisseva v. INS,* 213 F.3d 1192, 1196 (9th Cir.2000), as the police did investigate the two incidents reported to them. Moreover, although the social and political conditions for Indo–Fijians in Fiji are deeply troubling, Singh has not demonstrated any individualized, rather than generalized, risk to him if he were returned to Fiji. *See Hoxha v. Ashcroft,* 319 F.3d 1179, 1182 (9th Cir.2003).

■ Because the evidence does not compel the grant of asylum, it necessarily does not compel a grant of withholding, either. *See Singh,* 134 F.3d at 971. This court has no jurisdiction to review Singh's claim for protection under CAT because he failed to raise that issue before the BIA.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General

*Cf. Zhang v. Ashcroft,* 388 F.3d 713, 721 (9th Cir.2004) (per curiam).

**PETITION DENIED.**